SHORES, Justice.
We granted the State’s motion to expedite this appeal to determine whether a local law, specifically Ala. Acts 1931, Act No. 239, as amended (“the local law”), which specifies when the term of office for Baldwin County commissioners is to commence, has been subsumed by § 11-3-1, Ala.Code 1975, and therefore violates Article IV, § 105, of the Alabama Constitution of 1901. The Baldwin Circuit Court issued a judgment declaring that the local law does not violate the Alabama Constitution because, that court held, § 11-3-1 “sets forth an intention to preserve local law exceptions to the terms of office.” We reverse and remand.
The State of Alabama, by and through District Attorney John David Whetstone, sued for a judgment declaring that newly elected Baldwin County commissioners were due to be sworn in and to begin serving their terms on November 12, 1996, the seventh day next following their election, pursuant to § 11-3-1. The State claimed that § 11-3-1 had subsumed the local law designating that the term of office was not to begin until the first of January next following the election. Defendant Baldwin County (“the County”) argued that the local law is constitutional and controlling because, the County argued, § 11-3-1 specifically permits local law to vary as to when the term of office is to begin. The Baldwin Circuit Court agreed with the County, and on October 26, 1996, it issued a judgment declaring that the term of office for newly elected Baldwin County commissioners was due to begin on January 1, 1997. At the general election held Tuesday, November 5, 1996, the people of Baldwin County elected seven county commissioners, four of whom are newly elected. The State contends that under § 11-3-1 the newly elected commissioners were to take office on November 12, 1996, and, because that date has passed, now should begin their terms immediately.
The local law, enacted by the legislature in 1931, abolished the Board of Revenue of Baldwin County and established in its place the Baldwin County Commission (“the Commission”). The local law, as amended, states, “The terms of all commissioners shall commence on the first day of January next following their election and qualifying....” See Ala. Acts 1975, Act No. 841, Reg. Session (amending Act No. 239, 1931 Reg. Session).
In 1988, acting to enforce the Voting Rights Act, a Federal court mandated significant changes in the election and composition of the Baldwin County Commission, by increasing the number of districts and commissioners from four to seven and eliminating at large voting. See Dillard v. Baldwin County Commission, 694 F.Supp. 836 (M.DAla.1988).. The federal court order did not alter when the term of office was to begin. Heretofore, county commissioners in Baldwin County have commenced their terms of office, pursuant to the local law, on the first of January next following their election.
As amended, § 11-3-1, Ala.Code 1975, provides in part:
“(a) Unless otherwise provided by local law and as otherwise provided in subsection (b) hereof, there shall be in every county a county commission, composed of the judge of probate, who shall serve as chairman, and four commissioners, who shall be elected at the time prescribed by law and hold office for four years from the first Monday after the second Tuesday in January next succeeding their election and until their successors are elected and qualified.
*222 “(b) Beginning with the next term of office for each county commissioner, such term shall expire six days next following the day of the general election at which the successor to that office is elected. Thereafter each such county commissioner shall be elected at the time prescribed by law and shall hold office from 12:01 A.M. of the seventh day next following his election and until his successor is elected and qualified.”
The only issue before us is whether the 1931 local law, Act No. 239, as amended, has been subsumed by the general law now codified at § 11-3-1 and thus violates Article IV, § 105, of the Alabama Constitution of 1901. We hold that the local law violates § 105 and, therefore, that the newly elected Baldwin County Commissioners are due to be sworn and to begin their terms of office immediately-
Article IV, § 105, of the Alabama Constitution of 1901 states in pertinent part: “No ... local law ... shall be enacted in any case which is provided for by a general law....” This section prohibits the legislature from passing a local law the subject matter of which has been subsumed by a general law. Peddycoart v. City of Birmingham, 354 So.2d 808, 813 (Ala.1978).
In Baldwin County v. Jenkins, 494 So.2d 584 (Ala.1986), this Court considered whether § 11-3-1 had subsumed another local law pertaining to the Baldwin County Commission. However, Jenkins was decided before the adoption of Act No. 89-301 (“the 1989 amendment”), which provides the present wording of § 11-3-1. When this Court decided Jenkins, § 11-3-1 contained only the language currently designated as subsection (a) and did not include the phrase “and as otherwise provided in subsection (b) hereof.” Thus, at the time of Jenkins, § 11-3-1 provided in its entirety as follows:
“Unless otherwise provided by local law, there shall be in every county a county commission, composed of the judge of probate, who shall serve as chairman, and four commissioners, who shall be elected at the time prescribed by law and hold office for four years from the first Monday after the second Tuesday in January next succeeding their election and until their successors are elected and qualified.”
See Jenkins, 494 So.2d at 585-86; Act No. 80-808. The plaintiffs in Jenkins contended that § 11-3-1, which states that county commissioners shall hold office for four years, had subsumed the subject matter of Act No. 84-639, a local law that had attempted to eliminate the staggered terms of Baldwin County commissioners by establishing two-year terms for two commissioners to be followed by four-year terms for all four commissioners. This Court recognized that § 11-3-1 was a general law because, by its terms and effect, it applies to the whole state. Jenkins, 494 So.2d at 587. However, the Court did not agree that the local legislation had been subsumed by § 11-3-1, writing:
“[Section 11-3-1] does by its express terms, recognize, sanction, and yield to contrary local laws. Thus, by adding-the amendatory statutory language [‘Unless otherwise provided by local law'] in 1980, the legislature had made it clear that it does not intend or require that the ‘subject’ of § 11-3-1 be exclusively ‘subsumed’ within that statute. In other words, by amending § 11-3-1, the legislature has clearly indicated that the presence of § 11-3-1 is not necessarily primary, and local laws can be passed upon that subject.”
494 So.2d at 587. (Emphasis in original.) Accordingly, the Court held that the local law’s provision for the two-year terms for the county commissioners was not subsumed by § 11-3-1 and thus did not violate § 105.
If the legislature had not amended § 11-3-1 in 1989, this Court’s reasoning in Jenkins would likely have dictated the result that was reached by the trial court in this case; that is, the local law would not have violated § 105 of the Alabama Constitution because § 11-3-1 would have explicitly allowed contrary local laws to control. Just as the language “[u]nless otherwise provided by local law” in § 11-3-1 permitted local law to constitutionally vary the specified length of the term for county commissioners in Jenkins, so, too, would it similarly permit local law to modify the provisions dealing with when the term of office was to begin. But as noted *223 previously, since Jenkins was decided, § 11-3-1 has undergone substantial changes as a result of the 1989 amendment. Thus, we must determine whether those changes to § 11-3-1 still permit the conflicting local law to control in this case. We hold that they do not.
When this Court is called upon to construe a statute, it must ascertain and effectuate the legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d 238, 248 (Ala.1992). The most important change applicable to this case that was brought about by the 1989 amendment to § 11-3-1 was the addition of subsection (b), which specifies that each newly elected county commissioner “shall hold office from 12:01 A.M. of the seventh day next following his election.” The text of subsection (b) itself contains nothing that could be construed to permit a contrary local law to take precedence. The only possible source from which one might conclude that the general law of subsection (b) is not intended to be exclusive is the “[u]nless otherwise provided by local law” language found in subsection (a). As this Court recognized in Jenkins, this language indicated that “ § 11-3-1 is not necessarily primary, and local laws can be passed upon that subject.” 494 So.2d at 587 (emphasis in original). One of the subjects contained in subsection (a) is when the term of office for county commissioners begins. However, the 1989 amendment also changed the introductory modifying clause of subsection (a) to read “Unless otherwise provided by local law and as otherwise provided in subsection (b) hereof.” (Emphasis added.) Thus, the general law in subsection (b) now also takes precedence over the term-of-offiee provisions of subsection (a). We conclude that the legislature, by employing the conjunctive “and” rather than the disjunctive “or,” intended to require that any local law modifications pertaining to the subjects in subsection (a) must be consistent with subsection (b). Had the legislature intended to permit local law exceptions to subsection (b), it could have done so easily by including a specific provision permitting local law exceptions in subsection (b), as it did in subsection (a). In addition, the title to Act No. 89-301, the act making the 1989 amendment, further suggests that the provisions of subsection (b) were to be exclusive. It describes the 1989 amending act as one intended
“To amend Seetion[ ] 11 — 3—1 ..., Code of Alabama 1975, as amended, which provide[s] for the terms of office of county commissioners so as to provide that beginning with the next term of office of each commissioner, such term shall expire six days next following the day of the general election at which the successor to that office is elected and thereafter each such county commissioner shall hold his respective office from 12:01 A.M. of the seventh day next following his election and until his successor is elected and qualified.... ”
There is no mention of the possibility of modification by contrary local law. Indeed, the legislature expressly indicated its intention that the changes apply to “each ... county commissioner.” Finally, we believe that the legislature’s purpose in enacting subsection (b) of § 11-3-1 was to reduce to a minimum the time between election and swearing in of new officeholders, in order to allow newly elected county commissioners, rather than “lame duck” commissioners, to implement public policy. To allow local variations would subvert this purpose.
Based on the foregoing, we hold that subsection (b) of § 11-3-1, as amended, does not permit local law variations regarding when the term of office for county commissioners shall commence. Because its subject matter has been subsumed by § 11-3-1, the 1931 local law, Act No. 239, as amended, violates Article IV, § 105, of the Alabama Constitution of 1901. Accordingly, the judgment of the Baldwin Circuit Court is reversed, and the cause is remanded for that court to enter an order consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, COOK, and BUTTS, JJ., concur.